Argued and submitted November 25, 1997, ballot title certified as modified
January 8, 1998

Jann CARSON,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44509 (Control))

Roger GRAY,
James Sager and Alice Dale,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Bill SIZEMORE,
*Intervenor.*

(SC S44510)

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44511)
(Cases Consolidated for Argument and Opinion)

951 P2d 700

Andrea R. Meyer, Portland, argued the cause and filed the petition for petitioner Jann Carson.

Monica A. Smith, Portland, argued the cause for petitioners Roger Gray, James Sager, and Alice Dale. The petition was filed by Paul B. Gamson, Portland, and Lynn-Marie Crider, Salem.

Gregory W. Byrne, Portland, argued the cause and filed the petition for petitioner Bill Sizemore.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

These three ballot title review proceedings are consolidated for purposes of argument and opinion. The petitioners in each proceeding have challenged the legal sufficiency of one or more parts of a ballot title certified by the Attorney General for Ballot Measure 40 (the proposed measure).[1] For the reasons that follow, we modify the Attorney General's ballot title in certain respects and, as modified, certify it.

Measure 40, self-styled as the "Initiative Reform Act," is a wide-ranging revision of the initiative and referendum process as it presently is practiced in Oregon. Its scope cannot be captured easily in a brief summary. We therefore limit our discussion of its contents to those portions that must be mentioned in order to respond to the particular arguments that we are addressing.

The Attorney General certified the following ballot title for Measure 40:

"AMENDS CONSTITUTION: REVISES INITIATIVE
AND REFERENDUM PROCESS, PROVIDES FOR
YEARLY INITIATIVE ELECTIONS

"RESULT OF 'YES' VOTE:   Vote 'Yes' for yearly initiative elections, revised signature requirements, limit restrictions on paid signature gatherers.

"RESULT OF 'NO' VOTE:   Vote 'No' to retain present constitutional and statutory controls on initiative and referendum.

"SUMMARY:   Amends Constitution, changes number of required signatures; permits two year minimum to gather signatures. Restricts legislature's referral or enactment of changes in initiative process, restricts enactment of laws controlling petition circulation, who may circulate, payment of circulators. Chief petitioner selects 40% of committee to draft statewide ballot titles; if challenged,

---

[1] Each of the petitioners timely submitted written comments to the Secretary of State respecting the Attorney General's proposed ballot title. *See* ORS 250.067(1) (prescribing procedure). Thus, each has standing to raise the issues presented concerning the Attorney General's certified ballot title. ORS 250.085(2).

Supreme Court must choose between petitioner's, committee's or challenger's ballot title. Elections held each year in November. For some elections, removes voter turnout requirement on local measures. Prohibits publicly funded challenges to initiative approved laws."

This court's review of the Attorney General's ballot title is limited to a determination whether, in the face of the challenges raised by the parties, the ballot title is in "substantial compliance" with the requirements of ORS 250.035. ORS 250.085(5). Because they have taken markedly different approaches to the ballot title, we address the arguments advanced by each petitioner separately.

■ Petitioner Carson challenges only the legal adequacy of the Summary in the Attorney General's ballot title. The Summary must set out a concise and impartial statement of the proposed measure and its major effects. ORS 250.035(2)(d). Petitioner Carson asserts that the Attorney General's Summary fails to meet that standard, because

"it excludes any mention that Article IV, Section 1(2)(d) [of the Oregon Constitution] would be amended to dilute the requirement that a proposed initiative law or constitutional amendment be limited to a single-subject in certain amendments to the Constitution or proposed laws."

Petitioner's argument refers to a paragraph of Measure 40 that would add to Article IV, section 1(2)(d), of the Oregon Constitution, wording that declares that, for the purposes of "single subject" analysis, a measure that

"embrace[s] one subject only and matters properly connected therewith * * * shall not be deemed to violate this paragraph, and shall not be deemed to be a revision of the Constitution[2] because it amends or affects more than one section or article of the Constitution. For purposes of this section, a proposed initiative or amendment which primarily revises all or part of the system whereby government taxes or assesses fees or charges shall be deemed to embrace only one subject."

---

[2] Petitioner made no argument below that the proposed measure, if adopted, would alter constitutional rules applicable to *revisions* of the constitution. Therefore, we do not address that question.

It is not clear to us whether or not the addition of the foregoing wording would, in fact, "dilute" the "single subject" provision. Because it is not clear, it is not appropriate for us to speculate among arguable meanings of a measure. *See, e.g., Mannix v. Kulongoski*, 323 Or 485, 495-96, 918 P2d 839 (1996) (Attorney General did not err in declining to speculate about scope of existing law).

■ Petitioner Carson is correct, however, in suggesting that *something* must be said in the Summary to alert the reader that wording is being added to the constitution, even if the ultimate effect of that addition cannot be foretold precisely. The Attorney General's Summary is legally deficient in not doing so. As we explain elsewhere in this opinion, other changes to the Summary at least make it possible to add the words "other provisions" to that portion of the ballot title. We direct that that be done.

We turn next to the challenges made by petitioners Gray, Sager, and Dale. They challenge all three parts of the Attorney General's ballot title. With respect to the Caption, they state:

"This is a complex and multi-faceted proposal. * * * [I]t is impossible to draft a Caption which identifies all of the major subjects touched on by the proposal. However, the goal should be a Caption which is as comprehensive as possible.

"The [Attorney General's] certified Caption identifies two points: revisions to the initiative and referendum processes, and the establishment of annual initiative elections. The petitioners suggest an alternative which keeps these two points and adds a third: the change in signature requirements."

■ ORS 250.035(2)(a) requires that the Attorney General's ballot title contain

"[a] caption of not more than 10 words that reasonably identifies *the subject matter* of the state measure. The caption of an initiative or referendum amendment to the constitution shall begin with the phrase, 'Amends Constitution,' which shall not be counted for purposes of the 10-word caption limit[.]"

(Emphasis added.) We agree with petitioners that the Caption in its present form is inadequate, when examined in light of the requirements of ORS 250.035(2)(a), because it catalogues an effect of the proposed measure, rather than stating its "subject." Petitioners' assertion that the proposed measure is "complex and multi-faceted" is well taken. However, petitioners' solution is to describe more effects in the Caption. That is the wrong approach. The Caption is not meant to serve as a comprehensive statement of the measure's effects.

■ The fact is that, beyond stating that the measure revises the initiative and referendum processes, any further elaboration in the Caption simply reflects a choice to emphasize certain effects of the measure at the expense of other effects. We conclude that the most accurate thing that may be said about the *subject matter* of Measure 40 is conveyed by the use of less than all the 10-word allotment for the Caption. We hold that the Caption should be revised to read: "AMENDS CONSTITUTION: REVISES INITIATIVE AND REFERENDUM PROCESSES."

■ Petitioners next challenge the Attorney General's Result Statements. We deal first with the "Yes" Result Statement. ORS 250.035(2)(b) requires that each ballot title for a state measure contain

"[a] simple and understandable statement of not more than 15 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,' or a substantially similar phrase, which may be placed at any point within the statement[.]"

The "yes" statement "shall be written so that an affirmative response to the statement corresponds to an affirmative vote on the state measure." ORS 250.035(4).

As noted, the Attorney General's "Yes" Result Statement states: "RESULT OF 'YES' VOTE: Vote 'Yes' for yearly initiative elections, revised signature requirements, limit restrictions on paid signature gatherers." Petitioners assert that the foregoing Statement is not "understandable," under the requirements of ORS 250.035(2)(b), and because it uses

confusing syntax, gives an erroneous impression that annual initiative and referendum elections would be *required*, rather than permitted.

The Attorney General concedes that his "Yes" Result Statement is inadequate. He proposes an alteration in the Statement that corrects the problem by rephrasing the result "for yearly initiative elections" to "provides annual initiative elections." No party challenges the Attorney General's suggested change. We find that change acceptable under the statutory standard and will incorporate it into the Result Statement that we certify after considering petitioner Sizemore's objections.

■     Petitioners Gray, Sager, and Dale also challenge the Attorney General's "No" Result Statement, but do so only on the ground that its wording should be "parallel," at least "to the extent practical," with the wording of the "Yes" Result Statement. ORS 250.035(3). They suggest a minor revision of the wording to accomplish that end. The Attorney General essentially agrees with their proposal. We, too, agree that the minor suggested change to which the Attorney General agrees is "practical," without sacrificing the substance of the information required by ORS 250.035(2)(b) and (c). Accordingly, we certify the following "No" Result Statement: " 'No' vote retains the present constitutional and statutory controls on initiative and referendum."

Finally, petitioners Gray, Sager, and Dale challenge the Attorney General's certified Summary in four respects, two of which we find to be well taken. Petitioners first point out that the Attorney General's Summary contains 86 words, when the limit is 85. The Attorney General concedes the error.

■     Petitioners' argument points up one other defect. The Attorney General's Summary fails to alert the reader that, in addition to the effects that it discusses, there are several others. The numerical word limitation prevents a discussion in the Summary of all of the measure's effects, but the voter should at least be advised that the measure has other important but unstated effects, so that the voter can do further reading, should he or she choose to do so. The omission

may be corrected by deleting the words "in November" from the Summary and adding, at the end, the words "other provisions." We make that modification.

The Summary is modified to read as follows:

SUMMARY: Amends Constitution. Changes number of required signatures on petition, permits two year minimum to gather signatures. Restricts legislature's referral or enactment of changes in initiative process, restricts laws controlling petition circulation, who may circulate, payment of circulators. Committee, 40 percent chosen by chief petitioner, drafts statewide ballot titles; if challenged, Supreme Court must choose between petitioner's, committee's, or challenger's ballot title. Elections held each year. For some elections, removes voter turnout requirement on local measures. Prohibits publicly funded challenges to initiative approved laws. Other provisions.

We turn now to the challenges made by petitioner Sizemore, who is the chief petitioner for the measure. He challenges both the Attorney General's Result Statements and the Summary.

■    Petitioner Sizemore contends that the Attorney General's "Yes" Result Statement violates ORS 250.035(2)(b) because it suggests that the measure would limit or restrict only "paid" signature gatherers when, in fact, that misstates the result. At oral argument, the Attorney General conceded petitioner Sizemore's point and proposed to correct the error by deleting the word "paid" from the Result Statement. We find that change acceptable under the statutory standard, as we did the change proposed by the Attorney General in response to the concerns raised by petitioners Gray, Sager, and Dale. Accordingly, we incorporate both changes into the "Yes" Result Statement that we now certify: " 'Yes' vote provides annual initiative elections, changes signature requirements, limits regulation of signature gatherers."

■    Petitioner Sizemore raised other objections to the Attorney General's Results Statement, but none of those objections demonstrates a violation of the standard that the Attorney General is to observe when drafting a ballot title. We do discuss one point, however, because we believe that it

will be repeated in cases of this kind until dealt with. Petitioner Sizemore criticizes the Attorney General's "No" Result Statement on the ground that it fails to "parallel" the wording of the Attorney General's "Yes" Result Statement.[3] Petitioner asserts that such a parallel construction is "required" by the wording in ORS 250.035(3) that provides that the "Yes" and "No" Result Statements "shall be written so that, to the extent practical, the language of the two statements is parallel."

Petitioner's premise is wrong. The provision must be read as a whole, including the qualifying phrase, "to the extent practical." The provision thus is not an absolute. In light of its context—ORS 250.035(2)(b) and (c)—we hold that the statutory preference for parallelism is secondary to the statutory direction that the Result Statements actually describe for the voters what the "result" of their vote will be. To the extent that petitioner wishes to have this court in the future treat the parallel language clause in ORS 250.035(3) as a categorical imperative, we reject his approach.

With respect to the Summary, petitioner's objections are similar to his objections to the Result Statements. We do not find them to be well taken.

Having considered the arguments advanced by each of the petitioners in these three consolidated ballot title review proceedings, we certify the following ballot title for Ballot Measure 40 to the Secretary of State pursuant to ORS 250.085(5):

AMENDS CONSTITUTION: REVISES INITIATIVE AND REFERENDUM PROCESSES

RESULT OF "YES" VOTE: "Yes" vote provides annual initiative elections, changes signature requirements, limits regulation of signature gatherers.

RESULT OF "NO" VOTE: "No" vote retains the present constitutional and statutory controls on initiative and referendum.

_____

[3] In fact, with the modification that we have made in response to the arguments of petitioners Gray, Sager, and Dale, the "No" Result Statement *is* more parallel that it was.

SUMMARY: Amends Constitution. Changes number of required signatures on petition, permits two year minimum to gather signatures. Restricts legislature's referral or enactment of changes in initiative process, restricts laws controlling petition circulation, who may circulate, payment of circulators. Committee, 40 percent chosen by chief petitioner, drafts statewide ballot titles; if challenged, Supreme Court must choose between petitioner's, committee's, or challenger's ballot title. Elections held each year. For some elections, removes voter turnout requirement on local measures. Prohibits publicly funded challenges to initiative approved laws. Other provisions.

Ballot title certified as modified. This opinion shall become effective in accordance with ORAP 11.30(10).