Argued and submitted March 16, ballot title certified as modified May 14, 1999

Alice DALE,
James Sager, and John Chase,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Bill SIZEMORE,
*Intervenor.*

(SC S46044)

980 P2d 157

Steven Novick, Portland, argued the cause and filed the supplemental memorandum for petitioners. B. Carlton Grew, of the Oregon Public Employees Union, Salem, and Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, filed the petition.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering and supplemental memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Gregory W. Byrne, of Byrne & Associates, P.C., Portland, argued the cause and filed the supplemental memorandum for intervenor.

RIGGS, J.

Leeson, J., concurred in part, dissented in part, and filed an opinion in which Carson, C. J., and Gillette, J., joined.

**RIGGS, J.**

Petitioners challenge the Attorney General's certified ballot title for a proposed initiative measure. Petitioners are electors who timely submitted written comments addressing the Attorney General's draft ballot title. Accordingly, petitioners are entitled to seek modification of the certified ballot title in this court. ORS 250.085(2). We modify the Attorney General's ballot title and certify it as modified.

The proposed initiative measure would add the following text to Article XV of the Oregon Constitution:

"Section 10(1) No public funds shall be spent to collect or assist in the collection of political funds.

"(2) For purposes of this section, money shall be deemed to be 'political funds' if any portion of the money, including in-kind and pass-through contributions, is contributed to a candidate or political committee or party, or spent lobbying an elected official, or is spent, including independent expenditures, supporting or opposing a candidate for public office or a ballot measure, including efforts to collect signatures to place a measure on the ballot, and any efforts, including but not limited to direct mail and media campaigns, to solicit signatures for initiative petitions or to discourage electors from signing initiative petitions.

"(3) For purposes of this section, public funds shall include public employee time on the job, public buildings, and public equipment and supplies; but shall not include the fee charged by the Secretary of State or a county elections division for placing a paid statement in an official Voters Pamphlet.

"(4) Public entities are prohibited from providing a service prohibited by this section even if reimbursed for the cost of doing so.

"(5) No public entity shall collect or assist in the collection of funds for any purpose for a person or organization, if, after the effective date of this Amendment, the person or organization has: (i) used for political purposes any of the funds collected for it by a public entity after the effective date of this Amendment, or (ii) commingled non-political funds collected by a public entity after the effective date of this Amendment with political funds.

"(6) The state legislative assembly shall establish a financial penalty for persons and organizations which use for a political purpose money collected for them by a public entity. The penalty shall be not less than double the amount of money contributed to or spent for a political purpose.

"(7) If any phrase, clause, or part of this section is found to be unconstitutional by a court of competent jurisdiction, the remaining phrases, clauses, and parts shall remain in full force and effect."

The Attorney General certified the following ballot title for the measure:

"AMENDS CONSTITUTION: PROHIBITS USING PUBLIC RESOURCES FOR POLITICAL PURPOSES

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits using public resources to collect or help collect political funds

"RESULT OF 'NO' VOTE: 'No' vote rejects prohibition on using public resources to collect or help collect political funds

"SUMMARY: Amends Constitution. Prohibits using 'public funds' to collect, assist collecting 'political funds.' 'Public funds' defined to include public buildings, employee time, equipment and supplies; excludes voter pamphlet statement fees. 'Political funds' defined to include expenditures for lobbying, supporting or opposing candidate, ballot measure or initiative petition. Prohibition applies even if public entity reimbursed for using public funds. Would prohibit public employee payroll deduction for union or any other entity using deduction for political purposes or commingling political, non-political funds. Requires monetary penalty for violation."

Petitioners challenge the caption and the "yes" vote and "no" vote result statements of the Attorney General's certified ballot title. Under ORS 250.085(5), we review for substantial compliance with the requirements for ballot titles set out in ORS 250.035.

## CAPTION

ORS 250.035(2)(a) requires a ballot title caption "of not more than 10 words that reasonably identifies the subject

matter of the state measure." Petitioners submitted comments challenging the Attorney General's draft caption and argue here that the certified caption does not comply with the statutory standard. They suggest alternate wording that, they assert, identifies the actual "subject matter" of the proposed measure.

 Our task is to determine whether the Attorney General's certified caption satisfies the statutory standard.[1] If it does, our analysis is at an end; "[w]e are not empowered to change a proposed ballot title solely because we are of the opinion that we can write a 'better' title." *Deras v. Roberts*, 309 Or 410, 414, 788 P2d 987 (1990).

█ We conclude that the Attorney General's certified caption fails to comply substantially with the statutory requirement "reasonably [to] identif[y] the subject matter" of the measure. ORS 250.035(2)(a). As petitioners argue, the caption sweeps too broadly, giving the incorrect impression that the subject matter of the proposed initiative measure is the use of any public resource for any political purpose. In fact, the primary subject of the measure is the use of public resources for the collection of political contributions from public employees, particularly through payroll deductions. The Attorney General's certified caption is not sufficiently specific to inform the reader of the measure's principal subject and, thus, is inadequate to satisfy the statutory standard. To address that shortcoming, we modify the caption to read: "AMENDS CONSTITUTION: PROHIBITS USING PUBLIC RESOURCES FOR POLITICAL PURPOSES; LIMITS PAYROLL DEDUCTIONS."

Petitioners also argue that the caption is defective in other respects. We have considered those arguments and conclude that they are answered by this court's decision in

---

[1] At oral argument, the Attorney General conceded that the caption failed to comply substantially with the requirements of ORS 250.035(2)(a) for a different reason than those petitioners assert. The Attorney General argued that the caption would comply with the statutory standard if it was modified to read: "AMENDS CONSTITUTION: PROHIBITS USING PUBLIC RESOURCES *TO COLLECT MONEY* FOR POLITICAL PURPOSES." (Emphasis added.) As discussed below, we conclude that the certified caption must be modified to satisfy the statutory requirements, although not in the manner the Attorney General suggests.

*Peppers v. Myers*, 325 Or 611, 942 P2d 273 (1997). We decline petitioners' invitation to reexamine *Peppers*.

## RESULT STATEMENTS

ORS 250.035(2)(b) and (c) require a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved" and a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected."

■ Petitioners argue that the Attorney General's certified result statements are inadequate, because they "merely parrot" the ballot title caption. That is improper, petitioners assert, because ORS 250.035(2)(b) and (c) require statements of "results." Had the legislature intended the Attorney General to use similar wording in ballot title captions and result statements, petitioners reason, those statutes would not have different requirements. Petitioners suggest that their argument is bolstered by the fact that result statements may be five words longer than captions. *See* ORS 250.035(a)-(c).

■ Petitioners may be correct that simply "parroting" the ballot title caption will not satisfy the requirements of ORS 250.035(2)(b) and (c) in certain cases. Nevertheless, we do not agree that a result statement necessarily is defective merely because it is worded similarly to the ballot title caption. Here, the result statements adequately describe the results of those votes by informing voters that a "yes" vote on the measure would prohibit the use of public resources to collect or help collect political funds, and a "no" vote would reject such a prohibition. Thus, regardless of their similarity to the caption, those statements satisfy the statutory standard.

Petitioners also argue that the "no" statement is inadequate, because it does not explain that existing restrictions on the use of public resources for political purposes would remain in effect, even if the proposed measure failed. They argue that the "no" statement should be modified to reflect those existing restrictions.

■ "Yes" and "no" statements "shall be written so that, to the extent practical, the language of the two statements is parallel." ORS 250.035(3). Here, the statements are parallel.

However, "the statutory preference for parallelism is secondary to the statutory direction that the Result Statements actually describe for the voters what the 'result' of their vote will be." *Carson v. Myers*, 326 Or 248, 257, 951 P2d 700 (1998).

The Attorney General's certified result statements actually describe the results of "yes" and "no" votes on the proposed measure and, thus, substantially comply with the requirements of ORS 250.035(b) and (c). The "yes" statement explains that approval of the proposed measure would prohibit the use of public resources for certain political purposes; the "no" statement explains that rejection of the measure means rejecting that prohibition. Here, given the constraints of ORS 250.035(b) and (c), that explanation is sufficient. The phrase "rejects prohibition" in the "no" statement logically refers to the prohibition contained in the measure and described in the "yes" statement. Contrary to petitioners' assertions, the "no" statement does not suggest that rejection of the measure rejects *all* limitations on the use of public resources for political purposes. Rather, it makes clear that a "no" vote rejects *this* limitation.

We hold that the certified result statements substantially comply with ORS 250.035(2)(b) and (c).

We modify the Attorney General's ballot title and certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: PROHIBITS USING
PUBLIC RESOURCES FOR POLITICAL PURPOSES;
LIMITS PAYROLL DEDUCTIONS

RESULT OF "YES" VOTE: "Yes" vote prohibits using public resources to collect or help collect political funds

RESULT OF "NO" VOTE: "No" vote rejects prohibition on using public resources to collect or help collect political funds

SUMMARY: Amends Constitution. Prohibits using "public funds" to collect, assist collecting "political funds." "Public funds" defined to include public buildings, employee time, equipment and supplies; excludes voter pamphlet

statement fees. "Political funds" defined to include expenditures for lobbying, supporting or opposing candidate, ballot measure or initiative petition. Prohibition applies even if public entity reimbursed for using public funds. Would prohibit public employee payroll deduction for union or any other entity using deduction for political purposes or commingling political, non-political funds. Requires monetary penalty for violation.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**LEESON, J.,** concurring in part and dissenting in part.

I agree with the majority's holding that the result statements substantially comply with ORS 250.035(2)(b) and (c). However, I disagree with the majority's holding that the caption that the Attorney General certified must be modified in the way that the majority does.

The majority asserts that the caption fails to comply substantially with ORS 250.035(2)(a) because it does not identify reasonably the subject matter of the proposed initiative measure. According to the majority, the "primary subject" of the measure is "the use of public resources for the collection of political contributions from public employees, particularly through payroll deductions." 328 Or at 470. Although that may be one *result* of the measure, the conclusion that limiting the use of the payroll deduction is the *subject matter* of the proposed measure does not follow from the text of the measure. The measure makes no reference to payroll deductions. Its prohibition is much broader: "No public funds shall be spent to collect or assist in the collection of political funds."

The majority fails to explain the basis for its conclusion that, notwithstanding the wording of the proposed measure, its subject matter is eliminating the use of political contributions through payroll deductions. Lacking the majority's unarticulated insight, I am unpersuaded. I believe that the following caption would comply substantially with the requirements of ORS 250.035(2)(a): "PROHIBITS USING

PUBLIC RESOURCES TO COLLECT POLITICAL FUNDS."[1]

Carson, C. J., and Gillette, J., join in this opinion.

---

[1] The Attorney General conceded at oral argument that the caption he certified does not comply substantially with the requirements of ORS 250.035(2)(a). I agree and would accept that concession. My proposed caption simply would not import into the caption, as the majority's does, a concept that is not mentioned in the proposed measure itself.