Argued and submitted May 8, ballot title referred to Attorney General for modification August 9, 2001
Modified ballot title certified August 24, 2001 (332 Or 450, 30 P3d 415)

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48280)

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48283)
(Consolidated for Argument and Opinion)

29 P3d 1108

Ernest J. Simmons, Portland, argued the cause for petitioner Sizemore. Gregory W. Byrne, Portland, filed the petition.

Steven Novick, Portland, argued the cause and filed the petition for himself as petitioner.

David Coursen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs and De Muniz, Justices.*

RIGGS, J.

---

\* Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case.

**RIGGS, J.**

These two ballot title review proceedings have been consolidated for the purposes of oral argument and opinion. These proceedings are brought under ORS 250.085(2)[1] and concern the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 19 (2002). Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (stating that requirement).[2]

The proposed initiative measure would add the following text to Article XV of the Oregon Constitution:

"Section 10(1)   No public funds shall be spent to collect or assist in the collection of money used for a political purpose.

"(2)   For purposes of this section, money shall be deemed used for a political purpose if any portion of the money, including in-kind contributions, pass-through contributions through another person or organization, and independent expenditures, is contributed to a candidate or political committee or party, or is spent supporting or opposing a candidate for public office or a ballot measure, including any effort to collect signatures to place a measure on the ballot, and any efforts, including but not limited to direct mail and electronic or other media campaigns, to solicit signatures for initiative petitions or to discourage electors from signing initiative petitions.

---

[1] Although the 2001 Legislature amended ORS 250.085 in certain respects, subsection (2) of that statute was not affected. Or Laws 2001, ch 802, § 2 (hereafter "House Bill 2213"); *see Flanagan v. Myers*, 332 Or 318, 323-24, 30 P3d 408 (2001) (discussing substance and effect of House Bill 2213). House Bill 2213 became effective on its passage, HB 2213, § 4, and applies to ballot title proceedings pending in this court, *id.*, § 3. Where relevant, we note whether House Bill 2213 affects these proceedings.

[2] House Bill 2213 amended ORS 250.085(5), but that amendment does not alter the "substantial compliance" standard of review.

"(3)   For purposes of this section, public funds shall include public employee time on the job, public buildings, and public equipment and supplies.

"(4)   For purposes of this section, money paid to, received by or spent by the State or a county elections division to place any information, including paid or unpaid statements, in an official Voters Pamphlet shall not be considered used for a political purpose. Nothing in this section shall be construed as affecting or restricting in any way the use of public funds to assemble, publish, or distribute an official Voters Pamphlet or restricting in any way the information that an official Voters Pamphlet may contain.

"(5)   For purposes of this section, money spent lobbying an elected official shall not be deemed used for a political purpose. So as to prevent political campaigning under the guise of 'lobbying,' money spent on or contributed to any direct mail, print, or electronic media or other campaign, which names or otherwise identifies a person who is a candidate for public office in an election held less than 90 days after the date of the communication, shall be deemed used for a political purpose.

"(6)   Public entities are prohibited from providing a service prohibited by this section even if reimbursed for the cost of doing so.

"(7)   No public entity shall collect or assist in the collection of funds for any purpose for a person or organization, if, after the effective date of this Amendment, the person or organization has: (i) used for political purposes any of the funds collected for it by a public entity after the effective date of this Amendment, or (ii) commingled non-political funds collected by a public entity after the effective date of this Amendment with political funds.

"(8)   The penalty for any person or organization, which expends for a political purpose money collected using public funds, shall be double the amount of money contributed to or spent for a political purpose in violation of this section.

"(9)   If any phrase, clause, or part of this section is found to be unconstitutional by a court of competent jurisdiction, the remaining phrases, clauses, and parts shall remain in full force· and effect. This section shall not be applied so as to violate the right of any individual or group

under the U.S. Constitution, but shall be effective in all circumstances and for all individuals and groups for which no infringement has been found, and shall be effective when an infringement has been found, but ceases to exist."

The Attorney General certified the following ballot title for Initiative Petition 19:

"AMENDS CONSTITUTION: PROHIBITS USING PAYROLL DEDUCTION PROCESS, OTHER PUBLIC RESOURCES TO COLLECT 'POLITICAL' MONEY FROM PUBLIC EMPLOYEES

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits using any public resource, including payroll deduction process, in collecting money used for 'political purposes' (as defined), even if collection costs reimbursed.

"RESULT OF 'NO' VOTE: 'No' vote retains current law, rejects prohibition on using any public resource, including payroll deduction process, in collecting money used for 'political purposes' (as defined).

"SUMMARY: Amends constitution. Current law permits voluntary payroll deductions from public employees for political purposes, prohibits compelled contributions; limits political activity on government time. Measure would prohibit using payroll deduction process, taking any other actions using 'public funds'—even if funds reimbursed—to collect money for union or any other entity that uses any portion of collected money for any 'political purpose.' Use for 'political purpose' includes direct, indirect contribution to political candidate, committee, party; expenditure supporting or opposing candidate or ballot measure, encouraging or discouraging petition signatures; commingling with other money used for political purpose. 'Public funds' include public employee work time, public buildings, equipment, supplies. Measure allows using collected money for lobbying (with exceptions), producing official Voter's Pamphlet. Double penalty for violations. Other provisions."

Petitioner Sizemore challenges the caption and result statements of the Attorney General's certified ballot title on the ground that they improperly focus on one effect of the proposed initiative measure—payroll deductions—instead of the actual subject of the measure—a prohibition on the use of public resources for political purposes. Petitioner

Sizemore relies on two cases in which this court certified ballot titles different from the one on review for proposed initiative measures similar to the one on review. *Dale v. Myers*, 328 Or 466, 473, 980 P2d 157 (1999); *Peppers v. Myers*, 325 Or 611, 616, 942 P2d 273 (1997). The fact that this court has certified different ballot titles for similarly worded measures, however, does not preclude the court from determining that the present ballot title substantially complies with ORS 250.035. We conclude that petitioner Sizemore's arguments regarding the caption and result statements are not well taken.

■ Petitioner Novick challenges the summary of the Attorney General's certified ballot title. For the reasons explained below, we agree with petitioner Novick that the summary misstates existing law and, consequently, fails to comply substantially with ORS 250.035(2)(d). We therefore refer the ballot title to the Attorney General for modification. *See* Or Laws 2001, ch 802, § 2 (amending ORS 250.085 to give this court discretion, on determining that ballot title does not substantially comply with statutory requirements, to refer matter to Attorney General for modification); *Flanagan v. Myers*, 332 Or 318, 325, 30 P3d 408 (2001) (determining that challenged ballot titles did not comply substantially with statutory requirements and referring those ballot titles to Attorney General for modification).

ORS 250.035(2)(d) provides that the ballot title of any initiative measure shall include "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." The Attorney General properly has attempted to summarize the proposed measure and its major effect by contrasting existing law with the new prohibitions that the proposed measure would place in the Oregon Constitution. Specifically, the Attorney General's summary states:

> "*Current law* permits voluntary payroll deductions from public employees for political purposes, prohibits compelled contributions; *limits political activity on government time. Measure would prohibit* using payroll deduction process, *taking any other actions using 'public funds'*—even if funds reimbursed—*to collect money* for union or any other entity that uses any portion of collected money *for any 'political*

*purpose.'* \* \* \* *'Public funds' include public employee work time*[.]"

(Emphasis added.) In other words, the proposed measure would prohibit the use of "public funds" to collect money for a "political purpose" and defines "public funds" to include "employee work time." The summary contrasts what the proposed measure would prohibit with current law, which, according to the summary, *"limits* political activity on government time." (Emphasis added.) Taken as a whole, the summary connotes that current law restricts or reduces, but does not prohibit, public employees from collecting money for a political purpose on work time.

That is not an accurate statement of current law. A statute currently in effect already prohibits public employees from collecting or attempting to collect political contributions during work hours. ORS 260.432(2) provides:

> "No public employee shall solicit any money, influence, service or other thing of value or otherwise promote or oppose any political committee or promote or oppose the nomination or election of a candidate, the gathering of signatures on an initiative, referendum or recall petition, the adoption of a measure or the recall of a public office holder while on the job during working hours. However, this section does not restrict the right of a public employee to express personal political views."

By suggesting that current law merely "limits" the relevant political activity—collecting political contributions on work time—and that the proposed measure would "prohibit" that activity, the Attorney General's summary conveys the misleading impression that the proposed measure would close a loophole that permits public employees to exercise a limited right to collect political contributions on the job. There is no such loophole.

The Attorney General argues that the phrase "limits political activity on government time" is not an inaccurate characterization of ORS 260.432(2). We understand his argument to be that a prohibition is indeed a limit (albeit the strongest sort of limit) and, thus, his summary, although not as precise as it could be, is not inaccurate. We agree, in the abstract, that the term "limit" might not be an inaccurate

synonym for "prohibit." Initiative Petition 19, however, actually is confined to one particular subject: collecting political contributions with public resources. In the context of that subject, discussing any other limits on public employees' political activity during work hours is irrelevant and, in the form chosen by the Attorney General, misleading.

We conclude that petitioner Novick has demonstrated that the summary fails to comply substantially with ORS 250.035(2)(d). Accordingly, we refer the ballot title to the Attorney General for modification.

Ballot title referred to Attorney General for modification.