Submitted on the record December 5, 2001, ballot title referred to the Attorney General for modification January 17, 2002
Modified ballot title certified March 14, 2002 (333 Or 515, 41 P3d 1083)

Lon T. MABON,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48950 (Control))

Roy PULVERS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48951)
(Consolidated for Opinion)

39 P3d 171

Laura S. Anderson, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With her on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Gillette, Leeson, Riggs, De Muniz, and Balmer, Justices.*

LEESON, J.

* Carson, C. J., and Durham, J., did not participate in the consideration or decision of this case.

## LEESON, J.

These two ballot title review proceedings have been consolidated for opinion. They concern the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 107 (2002). For the reasons explained below, we refer the ballot title to the Attorney General for modification. *See* ORS 250.085(8) (setting out procedure); *Flanagan v. Myers*, 332 Or 318, 323-24, 30 P3d 408 (2001) (applying ORS 250.085(8)).

The proposed measure would amend the Oregon Constitution by adding "as section 11"[1] the following to Article I:

"Section 11. Oath of office of judges.

"Notwithstanding any other provision of this constitution every judge of Oregon law, before entering upon the duties of his office, shall publicly take and subscribe, and transmit to the secretary of state, the following oath:

" 'I, _____, do solemnly swear (or affirm) that I will support and defend the national constitution of the United States of America (A.D. 1789), and the constitution of the Union state of Oregon (A.D. 1859). And when discharging the duties of this office I will give allegiance to no other like jurisdiction, whether foreign or domestic. I will faithfully and impartially, in a manner free of all bias, discharge the duties of a judge of said state, according to the best of my ability. I further swear (or affirm) that I will honor and maintain the separation of powers doctrine and I will not use my official duties to create law from the bench. As an interpreter of law I will not substitute my opinion or preference, or that of any social faction, for the will of the people, but shall adhere strictly to the intent of the framers, both of the law and of the constitution. Where such intent cannot be discerned, I will defer to the legislative branch to provide it. I will not accept any other office, except judicial offices, during the term for which I have been elected or appointed.' "

---

[1] Section 11 of Article I currently enumerates the rights of the accused in criminal prosecutions.

The Attorney General certified the following ballot title for the proposed measure:

"AMENDS CONSTITUTION: REQUIRES THAT JUDGES TAKE OATH LIMITING INTERPRETATION OF LAW BY FOLLOWING FRAMERS' AND LEGISLATURE'S INTENT

"RESULT OF 'YES' VOTE: 'Yes' vote requires judges to take oath limiting interpretation of law by requiring adherence to framers' intent and deferring to legislature where intent is unclear.

"RESULT OF 'NO' VOTE: 'No' vote rejects requiring judges take oath limiting interpretation of law by requiring adherence to framers' intent and deferring to legislature where intent is unclear.

"SUMMARY: Amends constitution. Current law requires judges to take oath of office to support the Oregon and federal constitutions, faithfully and impartially discharge duties according to best of their ability, and not accept any office except judicial office during their elective term. Measure requires that judges take oath to support and defend 1789 federal constitution and 1859 Oregon constitution; give allegiance only to Oregon and federal jurisdictions; 'honor and maintain separation of powers doctrine;' set aside personal views or those of any social faction; not 'create law from the bench;' uphold 'will of the people;' adhere strictly to intent of framers of constitution, statutes, common law; defer to legislature to provide intent where framers' intent is unclear. Measure does not define quoted terms. Other provisions."

ORS 250.035(2) sets out the requirements for a ballot title caption, result statements, and summary for a state initiative measure.[2] This court reviews the Attorney

---

[2] ORS 250.035(2) provides:

"The ballot title of any state measure to be initiated or referred shall consist of:

"(a) A caption of not more than 15 words that reasonably identifies the subject matter of the state measure. The caption of an initiative or referendum amendment to the constitution shall begin with the phrase, 'Amends Constitution,' which shall not be counted for purposes of the 15-word caption limit;

"(b) A simple and understandable statement of not more than 25 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,'

General's ballot title for "substantial compliance with the requirements of ORS 250.035." ORS 250.085(5).

Petitioner Mabon challenges the caption, the result statements, and the summary of the ballot title. We have considered each of his challenges and conclude that none is well taken. We turn to petitioner Pulvers's challenges.

As with Mabon, Pulvers challenges each aspect of the ballot title. We begin with the caption, which Pulvers argues is deficient in two respects. First, he contends that the caption does not advise voters that the proposed measure will "replace or supercede the existing, constitutional oath for judges with a new oath." Second, he contends that the caption "selectively refers only to judicial interpretation of 'Law'" when the subject matter of the proposed measure is to place strict limits on judicial interpretation "both of the law and of the constitution."

■ Regarding Pulvers's first argument, the Attorney General responds that replacing existing oaths is the *purpose* of the proposed measure, not its *subject matter* and, therefore, it would be inappropriate to refer to existing oaths in the caption. Moreover, he asserts that "the phrase in the caption and summary, 'Amends Constitution,' reasonably informs the voters that the proposed measure (and hence, the proposed oath) either adds to, takes away, or changes what already is contained in the constitution" and that the caption appropriately sets out the substance of existing oaths.

---

or a substantially similar phrase, which may be placed at any point within the statement;

"(c) A simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected. The statement required by this paragraph shall not describe existing statutory or constitutional provisions in a way that would lead an average elector to believe incorrectly that one of those provisions would be repealed by approval of the state measure, if approval would not have that result. Any thing or action described both in the statement required by paragraph (b) of this subsection and in the statement required by this paragraph shall be described using the same terms in both statements, to the extent practical. Any different terms must be terms that an average elector would understand to refer to the same thing or action. The statement shall include either the phrase, 'I vote' or 'vote no,' or a substantially similar phrase, which may be placed at any point within the statement; and

"(d) A concise and impartial statement of not more than 125 words summarizing the state measure and its major effect."

Regarding Pulvers's second argument, the Attorney General contends that the word "law" can be used to refer to all forms of positive law, including constitutional law. He argues that the caption therefore complies with the statutory standard.

The proposed measure provides that "every judge of Oregon law * * * shall publicly take and subscribe [to] * * * the following oath." The remainder of the proposed measure sets out the form of oath. The text of the proposed oath incorporates some of the wording of existing oaths, *see, e.g.*, Or Const, Art VII (Amended), § 7 (Supreme Court judges); Or Const, Art VII (Original), § 10 (circuit court judges); ORS 1.635 (pro tempore judges); ORS 1.300(7) (senior judges); ORS 305.455 (Tax Court judge), but the proposed oath makes several additions: It adds the years in which the United States Constitution and the Oregon Constitution were adopted; it commits judges to "give allegiance to no other like jurisdiction, whether foreign or domestic"; it commits judges to "honor and maintain the separation of powers doctrine" and not to "use [their] official duties to create law from the bench"; and it commits judges, when interpreting the law, to "adhere strictly to the intent of the framers, both of the law and of the constitution" and to "defer to the legislative branch to provide" such intent "where [it] cannot be discerned."

The subject matter of the proposed measure is the creation of a new oath for Oregon judges, the crux of which is to commit judges to the framers' intent regarding the Oregon and federal constitutions and to the legislature's intent regarding statutes. Pulvers is correct that the Attorney General's caption does not identify that subject matter reasonably. The caption gives no indication that the proposed measure creates a new oath that replaces or subsumes existing judicial oaths, or that the new oath commits judges to the framers' intent regarding constitutional law. The caption fails to comply substantially with the statutory requirement that it reasonably identify the subject matter of the proposed measure, and the Attorney General must modify it.

■ We turn to Pulvers's challenge to the "yes" and "no" vote result statements. He argues that those statements are defective for the same reasons that the caption is defective. He also asserts that the "yes" and "no" vote result statements

refer to deference to the "legislature" when the proposed measure actually refers to deference to the "legislative branch" which, Pulvers claims, could include the people acting in a legislative capacity. The Attorney General concedes that, if Pulvers is correct that the caption must be modified, then conforming changes must be made to the "yes" and "no" vote result statements. However, the Attorney General argues that Pulvers did not raise his argument about the word "legislature" in his comments to the Secretary of State and, therefore, that this court should not address that argument.

The Attorney General is correct. The Attorney General must modify the "yes" and "no" vote result statements to reflect the changes that he must make to the caption.

We turn to Pulvers's contention that the summary fails to comply with ORS 250.035(2)(d) because it does not summarize concisely and impartially the proposed measure and its major effect. He contends that the Attorney General's summary is inaccurate and misleading because it states that "[c]urrent law" requires judges to take an oath when, in his view, it is the constitution that contains that requirement. Pulvers also contends that the Attorney General's summary fails to state the major effect of the proposed measure which, he asserts, is to "alter the fundamental constitutional relationship between the legislative and judicial branches" and to "mandate a fundamental change in the role of the court in the constitutional system." Finally, Pulvers contends that the statement in the summary that the new oath would require strict judicial adherence to "intent of framers of * * * common law" is a mistake.

The Attorney General acknowledges that the reference to "common law" in the summary is an error, but he contends that the summary complies substantially with the statutory standard in all other respects.

We conclude that the Attorney General must correct the defect in the summary that he has acknowledged. However, we reject Pulvers's remaining arguments concerning the summary. He has not demonstrated that the Attorney General's use of the word "law" to refer to the source of the

oaths that judges currently must take is inaccurate or misleading. Moreover, it is open to debate how the proposed measure, if adopted, would alter the province of the judiciary in the constitutional system. It is not this court's role to decide among arguable effects of a proposed measure when the meaning of the proposed measure is not clear. *See Carson v. Myers*, 326 Or 248, 253, 951 P2d 700 (1998) (not appropriate for court to speculate among arguable "meanings" of measure).

For the foregoing reasons, we hold that the Attorney General must modify the caption, the "yes" and "no" vote result statements, and the reference to the "common law" in the summary.

Ballot title referred to the Attorney General for modification.