REMINGTON,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30150)

675 P2d 483

Marc D. Blackman, Portland, argued the cause and filed the petition for petitioner.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause and filed the memorandum

for respondent. With him on the memorandum were David Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

PER CURIAM

## PER CURIAM

Petitioner Remington challenges a ballot title prepared by the Attorney General for an initiative that would amend the Oregon Constitution. The proposed amendment states:

"* * * * *

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"The Constitution of the State of Oregon is amended by creating a new section to be known as Section 41, Article I and to read: *Section 41.*

"No court and no provision of this constitution shall exclude reliable evidence in a criminal prosecution because of a violation of any provision of this Constitution."

The Attorney General prepared a ballot title composed of a caption, question and explanation, as described by ORS 250.035(1):[1]

"FORBIDS EXCLUDING RELIABLE EVIDENCE OBTAINED IN VIOLATION OF CONSTITUTION

"QUESTION: Shall the Oregon Constitution prohibit exclusion of reliable evidence in criminal trials obtained in violation of any Oregon Constitutional provision?

"EXPLANATION: This proposal amends the 'Bill of Rights', Article I of the Oregon Constitution, by adding a section. The amendment provides that no provision of the Oregon Constitution requires exclusion of reliable evidence in a criminal case even though the evidence was obtained in violation of any provision of the Oregon Constitution. The amendment prohibits any court from excluding such evidence in criminal cases."

---

[1] ORS 250.035(1) states:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

Petitioner challenges this title as insufficient or unfair in seven different ways. Two other petitions were filed independently also challenging this ballot title.[2]

In response, the Attorney General conceded that his initial title was insufficient and unfair in that it stated, without qualification, that all evidence obtained in violation of the Oregon Constitution would be admissible. He concedes error because the amendment would not prohibit Oregon courts from excluding evidence that was obtained in violation of the Oregon Constitution if it is inadmissible for some other reason. He also concedes that either the caption or question should indicate, if possible, that the proposal is a constitutional amendment and that its scope is restricted to criminal prosecutions. He concludes that the phrase "Bill of Rights" should not be used because of the connotations carried by this phrase.

■ Generally in considering a ballot title, our initial task is to determine whether the title prepared by the Attorney General is unfair or insufficient. *Bartels v. Paulus,* 293 Or 47, 645 P2d 1059 (1982). Here that is unnecessary because the Attorney General so concedes. We still must certify a title that meets the requirements of ORS 250.035 and 250.039, pursuant to ORS 250.085(3).[3]

In the present case, the Attorney General provided a possible alternative, pursuant to ORAP 15.05(7). The three petitioners have also provided assistance in our quest for a fair, sufficient, concise and readable ballot title. We received 13 suggestions for revisions of the caption and 15 alternative questions, as well as six different explanations.

---

[2] *See Crabtree v. Paulus,* 296 Or 325, 675 P2d 488 (1984), and *Herron v. Paulus,* 296 Or 322, 675 P2d 489 (1984).

[3] ORS 250.085(3):

"The court shall review the title and measure to be initiated or referred, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035 and 250.039.

ORS 250.039 reads:

"For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

■ Because we understand that not all voters see the explanation on their ballots, we believe that the caption and question must contain the following information about the initiative: that it is a proposed constitutional amendment limited to criminal prosecutions; that evidence gained in violation of the federal constitution would still be inadmissible; that the amendment is restricted to "reliable" evidence;[4] and that the evidence obtained in violation of the Oregon Constitution must be admitted unless it is excluded on some other ground.

Bearing these requirements in mind and with due regard to all suggestions, we find the following ballot title to be fair, sufficient, concise and readable:

AMENDS OREGON CONSTITUTION, ALLOWS
USE OF UNCONSTITUTIONALLY
OBTAINED CRIMINAL EVIDENCE

QUESTION: Shall Oregon Constitution be amended to allow use in criminal trials of "reliable evidence" obtained in violation of Oregon Constitution?

EXPLANATION: This proposed constitutional amendment reads: "No court and no provision of this constitution shall exclude reliable evidence in a criminal prosecution because of a violation of any provision of this constitution." This would include provisions that protect against unreasonable search and seizure and self-incrimination. The measure does not define "reliable evidence." The amendment does not require admission of evidence that is inadmissible on other grounds, including evidence obtained in violation of the federal constitution.

Ballot title certified as modified.

---

[4] We make no attempt to define "reliable." We use the word because it is in the proposed amendment.