Argued and submitted January 31, ballot title certified as modified March 19, 1985

STANWOOD,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S31365)

697 P2d 183

Orvin C. Stanwood, North Bend, filed the petition and argued the cause *pro se* by order of the Court.

John A. Reuling, Jr., Assistant Attorney General, Salem, filed the answering memorandum and argued the cause for respondent. With him on the answering memorandum was Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner Stanwood challenges the ballot title prepared by the Attorney General for an initiative petition that proposes, *inter alia,* to place in the Oregon Constitution a 5% sales and use tax with the provision requiring implementing legislation at some future date by the legislature. Pursuant to ORS 250.035 and 250.065, the Attorney General drafted a ballot title.[1]

Petitioner challenged the original title as insufficient or unfair in seven different ways and urges the court to make the following changes:

## THE CAPTION

1. The words "use tax" should be deleted because the use tax aspect of the proposed measure plays such a small role in the sales tax scheme.

2. The phrase "partial funding of schools" should be included so that the voter will understand that it is the intent of the proposed measure to reduce, not eliminate, property tax funding of schools.

## THE QUESTION

3. The question should also include the phrase "partial funding of schools" for the above stated reason.

4. The phrase "most school levy authority" is redundant and should be replaced with the words "no referendum permitted on implementing legislation" so that the voter is made aware of the fact that the proposed measure is not subject to referendum.

---

[1] The Attorney General's original ballot title reads:

"CONSTITUTIONAL AMENDMENT:
5% SALES AND USE TAX TO FUND SCHOOLS

"Question: Shall 5% sales and use tax be required, to fund schools, replace most school tax levy authority, reduce income taxes?

"Explanation: Constitutional amendment requires 5% sales and use tax. State exemptions. 80% of net proceeds goes to schools. Cuts school districts' tax levy authority an equal amount. Rest of proceeds reduce income tax. Requires continued state support of schools and community colleges from other funds at 1983 proportion of state budget. Homeowner, renter relief continues under 1983 law. With state exceptions, future school district levy increases cannot exceed personal income growth rate. Forbids other sales taxes."

## THE EXPLANATION

·5. The explanation should include the phrase "tax on goods" so that the voter will know that the proposed sales tax is on tangible personal property alone and does not affect services.

6. The word "statewide" should be inserted before the phrase "personal income growth rate" so as to inform the voter that property taxes for schools will not be tied to fluctuations in the voter's individual income.

7. Finally, the explanation should reiterate the point that if this proposed measure passes, it will preclude a voter referendum.

In light of these objections, petitioner requested that an alternative ballot title be adopted and certified by this court.[2]

The Attorney General concedes that several of petitioner's objections are sufficiently valid to require appropriate changes. He concedes that the caption and the question should denote that the measure will only partially fund schools, and that the word "use-tax" is only incidental to this purpose. The Attorney General agrees that the explanation should mention that the required implementing legislation passed by the legislature is non-referable. The Attorney General also agrees that the proposed measure would limit future school district levy increases by statewide personal income growth, as opposed to individual personal income growth.[3]

---

[2] Petitioner's proposed ballot title reads:

"CONSTITUTIONAL AMENDMENT:
5% SALES TAX FOR PARTIAL FUNDING OF SCHOOLS

"QUESTION: Shall 5% sales tax be required, for partial school funding, income tax reduction, with no referendum permitted on implementing legislation.

"EXPLANATION: Constitutional amendment requires 5% sales and use tax on goods. 80% of net proceeds goes to schools to replace equivalent property taxes. 20% of proceeds reduce income taxes. Legislature required to pass implementing legislation, including refund for lower income persons and compensation for tax collectors. No referendum permitted on implementing legislation. State support of schools, community colleges continues. Homeowner, renter relief program continues. With exceptions, school levy increases cannot exceed statewide personal income growth rate."

[3] Paragraph I, section 5(1) of the proposed measure states:

"Except as provided in a tax base approved under the provisions of Article 11,

In response to the "valid" contentions of petitioner, the Attorney General proposes the following alternative ballot title:

"CONSTITUTIONAL AMENDMENT REQUIRES 5%
SALES TAX FOR PARTIAL SCHOOL FUNDING

"Question: Shall adoption of 5% sales tax be required, to aid schools, replace much school tax levy authority, reduce income taxes?

"Explanation: Constitutional amendment requires legislature to adopt 5% sales tax, not referrable [sic]. States exemptions. Net proceeds go 80% to schools, 20% to reduce income tax. Schools' levy authority, tax bases adjusted for sales tax receipts. With exceptions, school levy growth cannot exceed state personal income growth rate. Requires state support of schools, community colleges, from other funds at 1983 proportion of state budget. Low income property tax relief continues under present law. Bans other sales taxes."

Generally, in considering a ballot title, our initial task is to determine whether the title prepared by the Attorney General is unfair or insufficient. *Bartels v. Paulus,* 293 Or 47, 645 P2d 1059 (1982). Frank concessions by the Attorney General help this court in making that determination, but are not necessarily binding on our own independent inquiry. In this case, we agree with the Attorney General that the conceded changes are required. Our statutory duty remains to certify a title that meets the requirements of ORS 250.035 and 250.039, pursuant to ORS 250.085(3). *Remington v. Paulus,* 296 Or 317, 675 P2d 485 (1984).

We shall examine the objections of petitioner, in light of the concessions of the Attorney General, where such concessions apply:

## THE CAPTION

The Attorney General's revised caption refers to the measure as a constitutional amendment requiring a 5% sales

---

section 11 of this Constitution, a school district shall not increase its revenue from property taxes exclusive of that levied for the payment of bond principal and interest for a particular fiscal year over the preceding fiscal year by an amount greater than the per capita growth of personal income in the state during the previous calendar year."

The insertion of the word "statewide" in the explanation will inform the voter that the measure would limit future school district levy increases by statewide personal income growth, so that the voter will not be misled to believe that property taxes for schools are dependent upon fluctuations in an individual's personal income.

tax for partial school funding. Such a modification substantially meets both objections of petitioner.

■     It is this court's responsibility to insure that the caption properly identifies the proposed measure. We do not seek to write a better caption; we do no more than decide that the provided caption is sufficient, concise and fair. *Ferry v. Paulus,* 297 Or 70, 682 P2d 262 (1984); *see also Crumpton v. Roberts,* 298 Or 774, 697 P2d 180 (1985). We conclude that the following caption meets this standard:

"CONSTITUTIONAL AMENDMENT REQUIRES 5%
SALES TAX FOR PARTIAL SCHOOL FUNDING"

## THE QUESTION

Petitioner claims that the phrase, "replace much school tax levy authority," is redundant in light of the preceding phrase, "to fund schools." Moreover, petitioner convincingly argues that the deletion of this phrase would allow for the insertion of the words "with no referendum permitted on the implementing legislation" which would inform voters of their loss of this right.

ORS 250.035 provides:

"(1)   The ballot title of any measure to be initiated or referred shall consist of:

"* * * * *

"(b)   A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure;"

The Attorney General maintains that the purpose of the proposed measure is to require the legislature to pass a sales tax, and is not to eliminate the right of referendum. Therefore, he argues that the inclusion of this phrase does not serve the purpose of the question. We deem this part of the proposed measure to be highly significant. We shall set forth our reasons.

Clause (3)(a) of Article IV, section 1, of the Oregon Constitution declares:

"The people reserve to themselves the referendum power, which is to approve or reject at an election any Act, or part

thereof, of the Legislative Assembly that does not become effective earlier than 90 days after the end of the session at which the Act is passed."

Article IV, section 28 states:

"No act shall take effect, until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble, or in the body of the law."

Article IX, section 1a states:

"* * * The Legislative Assembly shall not declare an emergency in any act regulating taxation or exemption."

Paragraph I, section 6 of the proposed measure states:

"Notwithstanding section 1, Article IV and section 1a, Article IX of this Constitution, legislation imposing the general retail sales and use tax described in section 1 of this Article shall take effect at the time and in the manner of an Act or measure in which an emergency is declared."

This section would require that the legislation enacting the "sales and use tax" shall be declared an emergency, as provided in Article IV, section 28, of the Oregon Constitution. Because this section of the proposed measure would effectively supersede "section 1, Article IV and section 1a, Article IX" of the Oregon Constitution, the people would have no recourse to referendum on legislation implementing the sales tax passed by the legislature pursuant to this proposed measure.

■ We conclude that it is a purpose of the measure to require the legislature to enact a sales tax without the legislation being subject to a referendum by the people. Thus, in order for the voter to formulate an informed response to the measure, the question must disclose the loss of this right. We agree with petitioner that the inclusion of the "no referendum" statement is more pertinent to the purpose of the measure than the supplementary statement concerning the replacement of school tax levy authority. Therefore, the question should read:

"QUESTION: Shall 5% sales tax be required, for partial school funding, income tax reduction, with no referendum permitted on implementing legislation?"

## THE EXPLANATION

■   Petitioner contends that the words "on goods" should be included after the word "tax" in the explanation so that the voter will be aware of the fact that the tax affects only tangible personal property and not services. We agree with petitioner. It is unlikely that the voter will be misled or attribute a "narrower meaning" to these words, as the Attorney General contends. To the contrary, to fail to include the words "on goods" in the explanation would leave the subject matter of the sales tax unarticulated anywhere in the text of the ballot measure.

Finally, petitioner contends that the explanation should contain statements denoting the fact that the measure is not subject to referendum and prescribes that school levy increases are tied to the statewide personal income growth rate. Because the Attorney General has modified his original ballot measure to delineate these points, no dispute remains as to their proper inclusion. We also find merit in these revisions for reasons previously discussed, and conclude that the following is an appropriate explanation:[4]

"EXPLANATION: Constitutional amendment requires legislature to adopt 5% sales tax on goods, certain exemptions; no referendum. Net proceeds go 80% to schools, 20% to reduce income tax. Schools' levy authority and tax bases adjusted for sales tax receipts. With exceptions, school levy growth cannot exceed statewide personal income growth rate. Requires state support of schools, community colleges, from other funds at 1983 proportion of state budget. Low income property tax relief continues. Bans other sales taxes."

As a result of our review, we certify the following revised ballot title to the Secretary of State.

"CONSTITUTIONAL AMENDMENT REQUIRES 5% SALES TAX FOR PARTIAL SCHOOL FUNDING

"QUESTION: Shall 5% sales tax be required, for partial school funding, income tax reduction, with no referendum permitted on implementing legislation?

"EXPLANATION: Constitutional amendment requires legislature to adopt 5% sales tax on goods, certain exemptions;

---

[4] This explanation also includes a change found necessary in the companion ballot title challenge in *Priestley v. Roberts,* 298 Or 805, 697 P2d 188 (1985).

no referendum. Net proceeds go 80% to schools, 20% to reduce income tax. Schools' levy authority and tax bases adjusted for sales tax receipts. With exceptions, school levy growth cannot exceed statewide personal income growth rate. Requires state support of schools, community colleges, from other funds at 1983 proportion of state budget. Low income property tax relief continues. Bans other sales taxes."