Argued and submitted January 31, ballot title certified March 19, 1985

PRIESTLEY et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S31366)

697 P2d 188

Wally Priestley, Portland, filed the petition and memorandum of additional authorities, and argued the cause pro se by order of the Court. With him on the petition was Vern Cook, Gresham.

John A. Reuling, Jr., Assistant Attorney General, Salem, filed the answering memorandum and argued the cause for respondent. With him on the answering memorandum was Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This petition concerns the same ballot title that we examined in *Stanwood v. Roberts,* 298 Or 796, 697 P2d 183 (1985). Petitioners argue that the original title prepared by the Attorney General is insufficient and unfair for three reasons:

1. The ballot title fails to disclose that the proposed measure is not subject to referendum.

2. The ballot title fails to mention that the proposed measure is not self-executing, as it does not enact a sales tax, but rather will require the legislature to do so.

3. The phrase "Homeowner, renter relief continues" in the proposed measure's explanation is inaccurate, in that only low income relief programs will be required to be continued.

We believe that the modified ballot title certified in *Stanwood v. Roberts, supra,* substantially answers these objections. As to the first point, both the question and the explanation contain statements concerning the nonreferable aspect of this measure. As to the second point, the caption includes the word "requires," and the explanation contains a sentence specifically mentioning that the legislature must pass implementing legislation.

As to petitioners' final argument, the Attorney General concedes that the phrase "Homeowner, renter relief continues" is insufficient and should be stated accurately. We find the phrase "Low income property tax relief continues" to be a sufficient and fair statement which specifies the nature of the tax relief program and thus achieves petitioners' desired purpose. The change found necessary on this ballot title challenge has been incorporated in our decision in the companion case of *Stanwood v. Roberts, supra.*

Ballot title certified as modified in *Stanwood v. Roberts, supra.*