Submitted on the record March 23, ballot title certified as modified April 13, petitions for reconsideration filed April 19 and 20 denied; Attorney General's certified ballot title certified to the Secretary of State April 25, 2006

Gary J. STRAUBE
and Kichae Han,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53266 (Control))

Terrence W. McEVILLY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53275)
(Cases Consolidated)

133 P3d 897

James N. Gardner, of Gardner & Gardner, Attorneys, P.C., Portland, filed the petition for petitioners Gary J. Straube and Kichae Han. With him on the petition was Lynda N. Gardner.

James M. Brown, Salem, filed the petition for petitioner Terrence W. McEvilly.

Anna M. Joyce, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With her on the answering memoranda were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

These consolidated ballot title review proceedings brought under ORS 250.085(2) concern the Attorney General's certified ballot title for an initiative petition that the Secretary of State has denominated as Initiative Petition 143 (2006). Initiative Petition 143, if adopted, would increase the taxes paid on tobacco products and put the money derived from that increase into a number of specified programs.

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

■■ We have considered the various challenges to the Attorney General's modified ballot title that each petitioner advances. In our view, only one has merit. Petitioners Straube and Han point out that the summary of the modified ballot title certified by the Attorney General contains a sentence fragment that inaccurately refers to "increased fees to *physicals*, health care providers." (Emphasis added.) The Attorney General acknowledges that the emphasized word is a typographical error:

> "In response to a comment, we altered the summary [in the Attorney General's draft ballot title] to include information about increased fees to physicians and other health care providers. However, the certified ballot title summary used the word 'physicals,' rather than 'physicians.' As a result of that typographical error, the Attorney General agrees that the certified summary does not substantially comply with the requirements of ORS 250.035. Accordingly, the Attorney General respectfully requests that this court refer the ballot title for modification to allow the error to be corrected."

We agree with petitioners and the Attorney General that the use of the word "physicals" results in a summary that does not substantially comply with the requirements of ORS 250.035(2)(d). In such circumstances, this court ordinarily would follow the course suggested by the Attorney General and refer the ballot title to the Attorney General for modification. However, referral to the Attorney General is not the only dispositional alternative that this court has available to it. ORS 250.085(8) provides that,

> "[i]f the Supreme Court determines that the title certified by the Attorney General * * * does not substantially comply with the requirements of ORS 250.035, the court shall modify the ballot title and certify the ballot title to the Secretary of State or refer the ballot title to the Attorney General for modification."

Thus, this court has the statutory authority to correct an errant ballot title and to certify the resulting ballot title to the Secretary of State, should this court, in the exercise of its discretion, choose to do so. *See Flanagan v. Myers*, 332 Or 318, 324-25, 30 P3d 408 (2001) (stating that statute gives court "discretion" in dispositional selection).

In the recent past, it has not been our practice to correct errant ballot titles and then to certify the corrected ballot titles to the Secretary of State. We think, however, that this case merits the alternative disposition that the statute contemplates. The error here is only typographical; it is not substantive. Correcting it does not deprive any party of any opportunity to argue any theory that the party wished to advance respecting the requirements of ORS 250.035(2). Everyone knew what was intended by the erroneous sentence fragment; no one was misled. It follows, we believe, that this court should certify a corrected ballot title to the Secretary of State.

Based on the foregoing analysis, we certify the following ballot title for Initiative Measure 143 (2006) to the Secretary of State:

## PROVIDES HEALTH INSURANCE TO ALL UNINSURED CHILDREN UNDER 19; INCREASES TOBACCO TAXES; FUNDS OTHER PROGRAMS

RESULT OF "YES" VOTE:  "Yes" vote provides health insurance for all uninsured children under 19, expands coverage for adults, partially funded by increasing tobacco taxes; funds tobacco, health programs.

RESULT OF "NO" VOTE:  "No" vote retains current health insurance programs, providing health care to particular low-income and other qualified children, adults; maintains tobacco taxes at current levels.

SUMMARY:  Current Oregon law provides health insurance only to particular low-income or other eligible children. Measure provides health insurance for all uninsured children under 19 through three insurance programs, expands health insurance for uninsured adults. Programs funded in part by imposing tax increase on cigarette consumers. Revenue from increased tax goes to multiple programs, including new Oregon Kids Program, Oregon Health Plan, cigarette tax enforcement, Tobacco Use Reduction Account, increased fees to physicians, health care providers. Defines "smokeless tobacco"; imposes tax increase on tobacco products other than "smokeless tobacco." After expenses, revenue from tobacco products tax goes into General Fund, partially dedicated to Oregon Health Plan, Tobacco Use Reduction Account, new Oregon Kids Program. Requires application to federal government for federal financial participation. Other provisions.

Ballot title certified as modified.