Submitted on the record May 15, ballot title certified as modified May 18, 2006

Melissa MARTIN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53366)

Ruth BENDL,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53367)
(Consolidated for Opinion)

135 P3d 315

James M. Brown, Salem, filed the petition for petitioner Melissa Martin.

Ruth Bendl filed the petition *in propria persona.*

Steven R. Powers, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

These consolidated ballot title review proceedings brought under ORS 250.085(2) concern the Attorney General's certified ballot title for an initiative that the Secretary of State has denominated as Initiative Petition 150 (2006). Initiative Petition 150, if adopted, would amend the Oregon Constitution to impose certain restrictions on political campaign contributions.

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who therefore are entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

We have considered the various challenges to the certified ballot title that each petitioner advances. In our view, only one has merit. Petitioner Martin and petitioner Bendl both point out that the "no" vote result statement contains a typographical error. As certified by the Attorney General, that statement provides:

"RESULT OF 'NO' VOTE: 'No' vote retains Oregon constitutional prohibition on laws imposing *involuntarily* limitations on contributions to support or oppose candidates by any person or by any entity."

(Emphasis added.)

Both petitioners assert that the emphasized word is erroneous, and that the correct word is "involuntary." The Attorney General acknowledges the error and agrees that the word "involuntary" should be substituted for the incorrect word "involuntarily."

We agree that, because of the use of the word "involuntarily," the "no" vote result statement does not substantially comply with the requirements of ORS 250.035(2)(c). We therefore turn to the appropriate disposition of this proceeding. As this court recently explained in *Straube/ McEvilly v. Myers*, 340 Or 395, 399, 133 P3d 897 (2006), ORS

250.085(8) gives this court statutory authority either to refer a ballot title that does not substantially comply with ORS 250.035 to the Attorney General for modification or "to correct an errant ballot title and to certify the resulting ballot title to the Secretary of State * * *." As in *Straube*, the ballot title error that we have identified in this proceeding is only typographical. And, as in *Straube*, we conclude that this court should correct the error and certify the corrected ballot title to the Secretary of State.

For those reasons, we certify the following ballot title for Initiative Petition 150 (2006) to the Secretary of State:

AMENDS CONSTITUTION: PROHIBITS CORPORATIONS, UNIONS FROM CONTRIBUTING "TREASURY FUNDS" (UNDEFINED) TO CANDIDATE CAMPAIGNS; CAPS INDIVIDUAL'S YEARLY CONTRIBUTIONS

RESULT OF "YES" VOTE: "Yes" vote amends constitution to prohibit corporate, union "treasury fund" (undefined) contributions to political candidate campaigns; caps individual's yearly candidate committee contributions at $15,000.

RESULT OF "NO" VOTE: "No" vote retains Oregon constitutional prohibition on laws imposing involuntary limitations on contributions to support or oppose candidates by any person or by any entity.

SUMMARY: Amends Constitution. Oregon Constitution currently prohibits laws that impose involuntary limitations on political campaign contributions by any person or by any entity. Measure prohibits corporations and labor organizations from contributing "treasury funds" (undefined) to any candidate for nomination/election to a state or local public office or to any political committee supporting or opposing a candidate for state or local public office. Measure caps an individual's total contributions to all candidates and political committees supporting or opposing candidates for nomination/election for all state and local public offices to $15,000 per calendar year; cap does not apply to candidate's contributions to his or her own campaign. Measure requires Secretary of State to adjust individual contribution cap annually for changes in consumer prices. Other provisions.

Ballot title certified as modified.