FILED: December 21, 2006



IN THE SUPREME COURT OF THE STATE OF OREGON




CANDACE MORGAN
and DAVID FIDANQUE,


Petitioners,


v.



HARDY MYERS,
Attorney General for the State of Oregon,


Respondent.



(SC S53731)



On petition to review ballot title.



Submitted on the record August 11, 2006.



Charles F. Hinkle, of ACLU Foundation of Oregon, Portland,
filed the petition for petitioners.



Douglas F. Zier, Assistant Attorney General, Salem, filed
the answering memorandum for respondent. With him on the
answering memorandum were Hardy Myers, Attorney General, and Mary
H. Williams, Solicitor General.



Before De Muniz, Chief Justice, and Carson, Gillette,
Durham, Balmer, and Kistler, Justices.*



KISTLER, J.



Ballot title referred to Attorney General for modification.



*Riggs, J., retired September 30, 2006, and did not
participate in the decision of this case. Walters, J., did not
participate in the consideration or decision of this case.



KISTLER, J.


Petitioners seek review of the Attorney General's
certified ballot title for Initiative Petition 22 (2008). See
ORS 250.085(2) (specifying requirements for seeking review of
certified ballot title). This court reviews the certified ballot
title to determine whether it substantially complies with ORS
250.035(2). See ORS 250.085(5) (stating standard of review). 
For the reasons explained below, we refer the ballot title to the
Attorney General for modification.


Article I, section 8, of the Oregon Constitution
provides:


"No law shall be passed restraining the free
expression of opinion, or restricting the right to
speak, write, or print freely on any subject whatever;
but every person shall be responsible for the abuse of
this right."



Initiative Petition 22, if adopted, would add the following
sentence to Article I, section 8: "The free expression of
opinion applies to beliefs, thoughts and personal judgment
regarding a matter, and shall not include conduct or personal
behavior."


The Attorney General certified the following ballot
title for Initiative Petition 22:


"AMENDS CONSTITUTION: MAKES OREGON CONSTITUTIONAL
GUARANTEE OF FREE EXPRESSION OF OPINION INAPPLICABLE TO
CONDUCT OR PERSONAL BEHAVIOR



"RESULT OF 'YES' VOTE: 'Yes' vote restricts
constitutional guarantee of free expression of opinion
to apply to beliefs, thoughts, and personal judgment
but not to conduct or personal behavior.



"RESULT OF 'NO' VOTE: 'No' vote retains
constitutional guarantee of free expression of opinion
as covering certain conduct and personal behavior as
well as beliefs, thoughts, and personal judgment.



"SUMMARY: Amends constitution. Currently, the
Oregon Constitution provides, in part: 'No law shall
be passed restraining the free expression of opinion or
restricting the right to speak, write, or print freely
on any subject whatever." Oregon courts have
interpreted this constitutional provision to guarantee
rights more broadly than free speech rights guaranteed
under the First Amendment to the United States
Constitution and to prohibit certain restrictions not
only regarding spoken or written material, but also
regarding some expressive conduct or personal behavior
that is considered to be constitutionally protected
free expression of opinion. Measure limits
constitutionally protected expression by defining 'free
expression of opinion' as applicable to 'beliefs,
thoughts, and personal judgment regarding a matter' and
directing that it 'shall not include conduct or
personal behavior.'"



Petitioners challenge the caption, the "yes" vote result
statement, the "no" vote result statement, and the summary.


A ballot title caption must contain "not more than 15
words that reasonably identif[y] the subject matter of the state
measure." ORS 250.035(2)(a). Petitioners argue that the caption
fails to comply with that standard because it does not put the
words "conduct" and "personal behavior" in quotation marks. 
Petitioners reason that, in the context of free expression, those
words do not have a plain meaning. They note that marching in a
political parade, wearing a cross in one's lapel, and saluting
the flag customarily have been regarded as protected expression. 
However, those acts also could be regarded as conduct or personal
behavior, and petitioners question whether the measure, if
adopted, would exempt some of or all those acts from the scope of
Article I, section 8.


Petitioners' argument invokes a long-standing problem in
free-expression cases. Expressive activity often involves
conduct. See Laurence H. Tribe, American Constitutional Law 825-32 (2d ed 1988) (discussing issue). The proposed measure may
intend to exempt the sort of conduct described by petitioners
from the scope of Article I, section 8, or it may not. If the
measure is adopted, the answer to that question will turn on an
analysis of the text, context, and history of the measure. See
Stranahan v. Fred Meyer, Inc., 331 Or 38, 56, 11 P3d 228 (2000)
(stating method of analysis). For present purposes, we note only
that the proposed measure leaves the terms "conduct" and
"personal behavior" undefined. See Carson v. Myers, 326 Or 248,
253, 951 P2d 700 (1998) (declining to "speculate among arguable
meanings of [terms used in] a measure").


Because the content of those terms is both critical to the
meaning of the proposed amendment and also undefined, we agree
with petitioners that the Attorney General should have used some
device to signal that fact to the reader. Putting the words
"conduct" and "personal behavior" in quotation marks directs and
focuses the reader's attention on those critical terms without
requiring the omission of any word from the caption. This court
previously has added quotation marks to a similarly critical term
in a ballot title. See Remington v. Paulus, 296 Or 317, 321, 675
P2d 483 (1984) (placing undefined term "reliable evidence" in
quotation marks); see also Crabtree v. Paulus, 296 Or 325, 327,
675 P2d 488 (1984) (explaining use of quotation marks in
Remington). In this context, similar punctuation is necessary to
comply with ORS 250.035(2)(a). (1)


Petitioners also challenge the "yes" and "no" vote result
statements. ORS 250.035(2)(b) and (c) require two "simple and
understandable statement[s] of not more than 25 words" that
describe the result if a state measure is approved and if it is
rejected. The certified ballot title provides:


"RESULT of 'YES' VOTE: 'Yes' vote restricts
constitutional guarantee of free expression of opinion
to apply to beliefs, thoughts, and personal judgment
but not to conduct or personal behavior.



"RESULT OF 'NO' VOTE: 'No' vote retains constitutional
guarantee of free expression of opinion as covering
certain conduct and personal behavior as well as
beliefs, thoughts, and personal judgment."



Petitioners argue that the "yes" vote result statement
fails to comply with ORS 250.035(2)(b) because it does not put
the terms "conduct" and "personal behavior" in quotation marks. 
For the reasons stated above, that part of their challenge is
well taken. (2)


Petitioners challenge the "no" vote result statement
because it fails to explain what the law will be if the voters
reject the proposed amendment. Specifically, petitioners assert
that the "no" vote result statement must make clear that, if the
proposed amendment is rejected, "the current language of [Article
I, section 8,] will remain unchanged." In that regard,
petitioners contend that the "no" vote result statement
improperly sacrifices the accuracy required by ORS 250.035(2)(c)
in favor of that statute's preference for parallelism between the
"yes" and "no" vote result statements. See Nesbitt v. Myers, 335
Or 424, 433, 71 P3d 530 (2003) (describing interplay of those two
statutory features); Carson, 326 Or at 257 (same).


Petitioners' argument is not well taken. This is not a
case in which the "no" vote result statement impermissibly states
that a "no" vote would merely "reject" the result of a "yes"
vote. See Nesbitt, 335 Or at 430-33 (describing that problem). 
Contrary to petitioners' suggestion, the "no" vote result
statement affirmatively describes what the law will be if the
proposed amendment is rejected. It states that the current
guarantees of Article I, section 8, will be "retain[ed]" and that
the scope of that provision will continue to "cove[r] certain
conduct and personal behavior." That fact is helpful to the
reader when considered beside the "yes" vote result statement,
which explains that the proposed amendment, if adopted, would
"restric[t]" the scope of Article I, section 8, to exclude
"conduct [and] personal behavior."


Petitioners also challenge the summary. ORS
250.035(2)(d) requires "[a] concise and impartial statement of
not more than 125 words summarizing the state measure and its
major effect." In Novick/Crew v. Myers, 337 Or 568, 574, 100 P3d
1064 (2004), this court explained the statutory requirement to
summarize the measure and its major effects as follows:


"Logically, those [effects] would include
additional important consequences or details that the
[25-word] result statement does not convey and helpful
contextual information about the impact of the proposed
measure on existing law."



The court added:


"[T]he Attorney General's choices in those respects are
subject to review by this court for substantial
compliance under ORS 250.085(5). A party does not
demonstrate a failure of substantial compliance merely
by showing that some other choice by the Attorney
General would have been appropriate."



Id. at 574-75. With that standard in mind, we turn to
petitioners' challenges to the summary.


Petitioners argue initially that the summary gives
voters incomplete information by quoting the first clause of
Article I, section 8, but omitting the second clause, which
provides that "every person shall be responsible for the abuse of
this right." We agree with petitioners' argument. The second
clause is as much a part of Article I, section 8, as the first. 
The clause is not lengthy, and including it in the summary
provides voters with a complete picture of the constitutional
provision that the proposed measure would amend.


Petitioners advance a second argument. They contend
that the reference in the second sentence to the United States
Constitution is unnecessary to "summarizing the state measure and
its major effect." We also agree with that argument. The
measure would amend Article I, section 8. It would have no
effect on the First Amendment. The summary correctly recognizes
that, in some respects, Article I, section 8, is broader than the
First Amendment. It is unclear, however, how including that fact
in the summary advances the statutory goal of describing the
measure and its major effect, which is to remove "conduct" and
"personal behavior" from the scope of Article I, section 8. Put
another way, the Attorney General has failed to persuade us that,
as he has written the summary, the relative breadth of the two
constitutional provisions constitutes "helpful contextual
information." See Novick/Crew, 337 Or at 574 (describing
appropriate information). (3) For the reasons stated above, we
refer the ballot title to the Attorney General for modification. 
ORS 250.085(8).


Ballot title referred to Attorney General for
modification.




1. Petitioners also argue that the Attorney General should
have included the word "undefined" in the caption. Petitioners,
however, did not raise that issue below and may not raise it for
the first time before this court. See ORS 250.085(6) (stating
proposition). Nonetheless, we note that on referral the Attorney
General may modify the ballot title to note that fact. See
Carley/Towers v. Myers, 340 Or 222, 230 n 4, 132 P3d 658 (2006)
(stating proposition); Martin/Bendl v. Myers, 340 Or 569, 572,
135 P3d 315 (2006) (including signal "undefined" after term);
Remington, 296 Or at 321 (explaining in summary that measure did
not define "reliable evidence"). 

Return to previous location.




2. Petitioners also argue that the Attorney General should have put quotation marks around the words "beliefs," "thoughts," and "personal judgment" in the "yes" vote result statement. The Attorney General, however, reasonably could conclude that the critical question is what the measure removes from the scope of Article I, section 8, not what it leaves in. We cannot say that the "yes" vote result statement does not substantially comply with ORS 250.035(2)(b) because the Attorney General chose not to use quotation marks to highlight those terms, and we therefore reject petitioners' argument to the contrary.

Return to previous location.



3. Petitioners raise two additional challenges to the
summary, which we reject without discussion.

Return to previous location.