Submitted on the record August 11, ballot title referred to Attorney General for modification December 21, 2006

Candace MORGAN
and David Fidanque,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
for the State of Oregon,
*Respondent.*

(SC S53731)

149 P3d 1160

Charles ˙F. Hinkle, of ACLU Foundation of Oregon, Portland, filed the petition for petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, and Kistler, Justices.*

KISTLER, J.

---

* Riggs, J., retired September 30, 2006, and did not participate in the decision of this case. Walters, J., did not participate in the consideration or decision of this case.

**KISTLER, J.**

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 22 (2008). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Initiative Petition 22, if adopted, would add the following sentence to Article I, section 8: "The free expression of opinion applies to beliefs, thoughts and personal judgment regarding a matter, and shall not include conduct or personal behavior."

The Attorney General certified the following ballot title for Initiative Petition 22:

"AMENDS CONSTITUTION: MAKES OREGON CONSTITUTIONAL GUARANTEE OF FREE EXPRESSION OF OPINION INAPPLICABLE TO CONDUCT OR PERSONAL BEHAVIOR

"RESULT OF 'YES' VOTE:   'Yes' vote restricts constitutional guarantee of free expression of opinion to apply to beliefs, thoughts, and personal judgment but not to conduct or personal behavior.

"RESULT OF 'NO' VOTE:   'No' vote retains constitutional guarantee of free expression of opinion as covering certain conduct and personal behavior as well as beliefs, thoughts, and personal judgment.

"SUMMARY: Amends constitution. Currently, the Oregon Constitution provides, in part: 'No law shall be passed restraining the free expression of opinion or restricting the right to speak, write, or print freely on any subject

whatever.' Oregon courts have interpreted this constitutional provision to guarantee rights more broadly than free speech rights guaranteed under the First Amendment to the United States Constitution and to prohibit certain restrictions not only regarding spoken or written material, but also regarding some expressive conduct or personal behavior that is considered to be constitutionally protected free expression of opinion. Measure limits constitutionally protected expression by defining 'free expression of opinion' as applicable to 'beliefs, thoughts, and personal judgment regarding a matter' and directing that it 'shall not include conduct or personal behavior.' "

Petitioners challenge the caption, the "yes" vote result statement, the "no" vote result statement, and the summary.

A ballot title caption must contain "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). Petitioners argue that the caption fails to comply with that standard because it does not put the words "conduct" and "personal behavior" in quotation marks. Petitioners reason that, in the context of free expression, those words do not have a plain meaning. They note that marching in a political parade, wearing a cross in one's lapel, and saluting the flag customarily have been regarded as protected expression. However, those acts also could be regarded as conduct or personal behavior, and petitioners question whether the measure, if adopted, would exempt some of or all those acts from the scope of Article I, section 8.

Petitioners' argument invokes a long-standing problem in free-expression cases. Expressive activity often involves conduct. *See* Laurence H. Tribe, *American Constitutional Law* 825-32 (2d ed 1988) (discussing issue). The proposed measure may intend to exempt the sort of conduct described by petitioners from the scope of Article I, section 8, or it may not. If the measure is adopted, the answer to that question will turn on an analysis of the text, context, and history of the measure. *See Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 56, 11 P3d 228 (2000) (stating method of analysis). For present purposes, we note only that the proposed measure leaves the terms "conduct" and "personal behavior" undefined. *See Carson v. Myers*, 326 Or 248, 253, 951 P2d 700

(1998) (declining to "speculate among arguable meanings of [terms used in] a measure").

■ Because the content of those terms is both critical to the meaning of the proposed amendment and also undefined, we agree with petitioners that the Attorney General should have used some device to signal that fact to the reader. Putting the words "conduct" and "personal behavior" in quotation marks directs and focuses the reader's attention on those critical terms without requiring the omission of any word from the caption. This court previously has added quotation marks to a similarly critical term in a ballot title. *See Remington v. Paulus*, 296 Or 317, 321, 675 P2d 483 (1984) (placing undefined term "reliable evidence" in quotation marks); *see also Crabtree v. Paulus*, 296 Or 325, 327, 675 P2d 488 (1984) (explaining use of quotation marks in *Remington*). In this context, similar punctuation is necessary to comply with ORS 250.035(2)(a).[1]

■ ■ Petitioners also challenge the "yes" and "no" vote result statements. ORS 250.035(2)(b) and (c) require two "simple and understandable statement[s] of not more than 25 words" that describe the result if a state measure is approved and if it is rejected. The certified ballot title provides:

"RESULT of 'YES' VOTE: 'Yes' vote restricts constitutional guarantee of free expression of opinion to apply to beliefs, thoughts, and personal judgment but not to conduct or personal behavior.

"RESULT OF 'NO' VOTE: 'No' vote retains constitutional guarantee of free expression of opinion as covering certain conduct and personal behavior as well as beliefs, thoughts, and personal judgment."

Petitioners argue that the "yes" vote result statement fails to comply with ORS 250.035(2)(b) because it does

---

[1] Petitioners also argue that the Attorney General should have included the word "undefined" in the caption. Petitioners, however, did not raise that issue below and may not raise it for the first time before this court. *See* ORS 250.085(6) (stating proposition). Nonetheless, we note that on referral the Attorney General may modify the ballot title to note that fact. *See Carley/Towers v. Myers*, 340 Or 222, 230 n 4, 132 P3d 658 (2006) (stating proposition); *Martin/Bendl v. Myers*, 340 Or 569, 572, 135 P3d 315 (2006) (including signal "undefined" after term); *Remington*, 296 Or at 321 (explaining in summary that measure did not define "reliable evidence").

not put the terms "conduct" and "personal behavior" in quotation marks. For the reasons stated above, that part of their challenge is well taken.[2]

■    Petitioners challenge the "no" vote result statement because it fails to explain what the law will be if the voters reject the proposed amendment. Specifically, petitioners assert that the "no" vote result statement must make clear that, if the proposed amendment is rejected, "the current language of [Article I, section 8,] will remain unchanged." In that regard, petitioners contend that the "no" vote result statement improperly sacrifices the accuracy required by ORS 250.035(2)(c) in favor of that statute's preference for parallelism between the "yes" and "no" vote result statements. *See Nesbitt v. Myers*, 335 Or 424, 433, 71 P3d 530 (2003) (describing interplay of those two statutory features); *Carson*, 326 Or at 257 (same).

Petitioners' argument is not well taken. This is not a case in which the "no" vote result statement impermissibly states that a "no" vote would merely "reject" the result of a "yes" vote. *See Nesbitt*, 335 Or at 430-33 (describing that problem). Contrary to petitioners' suggestion, the "no" vote result statement affirmatively describes what the law will be if the proposed amendment is rejected. It states that the current guarantees of Article I, section 8, will be "retain[ed]" and that the scope of that provision will continue to "cove[r] certain conduct and personal behavior." That fact is helpful to the reader when considered beside the "yes" vote result statement, which explains that the proposed amendment, if adopted, would "restric[t]" the scope of Article I, section 8, to exclude "conduct [and] personal behavior."

■    Petitioners also challenge the summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure

─────────

[2] Petitioners also argue that the Attorney General should have put quotation marks around the words "beliefs," "thoughts," and "personal judgment" in the "yes" vote result statement. The Attorney General, however, reasonably could conclude that the critical question is what the measure removes from the scope of Article I, section 8, not what it leaves in. We cannot say that the "yes" vote result statement does not substantially comply with ORS 250.035(2)(b) because the Attorney General chose not to use quotation marks to highlight those terms, and we therefore reject petitioners' argument to the contrary.

and its major effect." In *Novick/Crew v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004), this court explained the statutory requirement to summarize the measure and its major effects as follows:

> "Logically, those [effects] would include additional important consequences or details that the [25-word] result statement does not convey and helpful contextual information about the impact of the proposed measure on existing law."

The court added:

> "[T]he Attorney General's choices in those respects are subject to review by this court for substantial compliance under ORS 250.085(5). A party does not demonstrate a failure of substantial compliance merely by showing that some other choice by the Attorney General would have been appropriate."

*Id.* at 574-75. With that standard in mind, we turn to petitioners' challenges to the summary.

Petitioners argue initially that the summary gives voters incomplete information by quoting the first clause of Article I, section 8, but omitting the second clause, which provides that "every person shall be responsible for the abuse of this right." We agree with petitioners' argument. The second clause is as much a part of Article I, section 8, as the first. The clause is not lengthy, and including it in the summary provides voters with a complete picture of the constitutional provision that the proposed measure would amend.

Petitioners advance a second argument. They contend that the reference in the second sentence to the United States Constitution is unnecessary to "summarizing the state measure and its major effect." We also agree with that argument. The measure would amend Article I, section 8. It would have no effect on the First Amendment. The summary correctly recognizes that, in some respects, Article I, section 8, is broader than the First Amendment. It is unclear, however, how including that fact in the summary advances the statutory goal of describing the measure and its major effect, which is to remove "conduct" and "personal behavior" from

the scope of Article I, section 8. Put another way, the Attorney General has failed to persuade us that, as he has written the summary, the relative breadth of the two constitutional provisions constitutes "helpful contextual information." *See Novick/Crew*, 337 Or at 574 (describing appropriate information).[3] For the reasons stated above, we refer the ballot title to the Attorney General for modification. ORS 250.085(8).

Ballot title referred to Attorney General for modification.

---

[3] Petitioners raise two additional challenges to the summary, which we reject without discussion.