No. 30     May 8, 2014     375

IN THE SUPREME COURT OF THE
STATE OF OREGON

Scott BATES,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

S062075 (Control)

Scott DAHLMAN
and Terry Witt,
*Petitioners,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

S062077

En Banc

On petition to review ballot titled filed February 27, 2014; considered and under advisement April 29, 2014.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter, PC, Portland, filed the petition and reply memorandum for petitioner Scott Bates.

John A. DiLorenzo, Jr., Davis Wright Tremaine LLP, Portland, filed the petition and reply memorandum for petitioners Scott Dahlman and Terry Witt.

Matthew J. Lysne, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

BREWER, J.

Ballot title certified as modified.

**BREWER, J.**

These consolidated ballot title review proceedings brought under ORS 250.085(2) concern the Attorney General's certified ballot title for an initiative that the Secretary of State has denominated as Initiative Petition 44 (2014). Initiative Petition 44, if adopted by the people, would enact statutory provisions to impose certain requirements on food manufacturers and retailers concerning the labeling of genetically engineered foods.

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who therefore are entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035. ORS 250.085(5).

We have considered the various challenges to the certified ballot title that each petitioner advances. In our view, only one has merit. Petitioner Bates points out that the "yes" vote result statement contains a scrivener's error. As certified by the Attorney General, that statement provides:

> "RESULT OF 'YES' VOTE:   'Yes' vote requires the labeling of raw and packaged foods produced entirely or partially by 'genetic engineering,' effective January 2016; applies to retailers, *shippers*, manufacturers."

(Emphasis added.)

Petitioner Bates asserts that the emphasized word is erroneous, and that the correct word is "suppliers." The Attorney General acknowledges the error and agrees that the word "suppliers" should be substituted for the incorrect word "shippers." We agree that, because of the use of the word "shippers," the "yes" vote result statement does not substantially comply with the requirements of ORS 250.035(2)(b). We therefore turn to the appropriate disposition of this proceeding.

As this court explained in *Straube/McEvilly v. Myers*, 340 Or 395, 399, 133 P3d 897 (2006), ORS 250.085(8)

gives this court statutory authority either to refer a ballot title that does not substantially comply with ORS 250.035 to the Attorney General for modification or "to correct an errant ballot title and to certify the resulting ballot title to the Secretary of State." The ballot title error that we have identified in this proceeding is an acknowledged scrivener's error, the correction of which is straightforward and ministerial. It follows, we believe, that this court should correct the error and certify the corrected ballot title to the Secretary of State. *See* ORS 250.085(7) (this court's review "shall be conducted expeditiously to ensure the orderly and timely circulation of the petition or conduct of the election at which the measure is to be submitted to the electors").

Accordingly, we certify the following ballot title for Initiative Petition 44 (2014) to the Secretary of State:

**Requires food manufacturers, retailers to label "genetically engineered" foods as such; state, citizens may enforce**

RESULT OF "YES" VOTE:   "Yes" vote requires the labeling of raw and packaged foods produced entirely or partially by "genetic engineering," effective January 2016; applies to retailers, suppliers, manufacturers.

RESULT OF "NO" VOTE:   "No" vote retains existing law, which does not require "genetically engineered" food to be labeled as such.

SUMMARY:   Current law does not require labeling of "genetically engineered" food. Measure requires retailers of genetically-engineered raw food to include "Genetically Engineered" on packages, display bins, or shelves; suppliers must label shipping containers. Requires manufacturers of packaged food produced entirely or partially by genetic engineering to include "Produced with Genetic Engineering" or "Partially Produced with Genetic Engineering" on packages. Defines "genetically engineered" food as food produced from organisms with genetic material changed through in vitro nucleic acid techniques and certain cell-fusing techniques; exempts traditional plant-breeding techniques like hybridization. Does not apply to animal feed or food served in restaurants. Directs agencies to implement law. Permits state, injured citizen to sue manufacturer, retailer

for knowing/intentional violation; attorney fees for prevailing citizen. Other provisions.

Ballot title certified as modified.