150 April 9, 2026 No. 18

IN THE SUPREME COURT OF THE
STATE OF OREGON

Ted KULONGOSKI,
Cheri Helt, Drew Kaza, Phil Keisling, Max Williams,
Jordan Baxter, Jason Freilinger, Seth Woolley,
Greg Bourget, Chuck Sheketoff, Ken Hector,
Jeremy Rogers, and Charlie Conrad,
*Petitioners,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent.*

(SC S072640 (Control))

Kelsey PADEN,
*Petitioner,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent.*

(S072641)

En Banc

On petitions to review ballot title filed on January 30, 2026; considered and under advisement on March 17, 2026.

Daniel W. Meek, Portland, filed the petition and reply for petitioners Ted Kulogoski, Cheri Helt, Drew Kaza, Phil Keisling, Max Williams, Jordan Baxter, Jason Freilinger, Seth Woolley, Greg Bourget, Chuck Sheketoff, Ken Hector, Jeremy Rogers, and Charlie Conrad.

Lydia Anderson-Dana, Stoll Stoll Berne Lokting & Schlachter, P.C., Portland, filed the petition and reply for petitioner Kelsey Paden.

Gregory A. Rios, Assistant Attorney General, Salem, filed the answering memoranda for respondent. Also on the memoranda were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Daniel W. Meek, Portland, filed the memorandum for *amici curiae* Cheri Helt, Drew Kaza, Seth Woolley, Steven B. Ungar, Billy J. Williams, Ron Silver, and Jeremy Gruber in S072641.

PER CURIAM

The ballot title is certified as modified.

**PER CURIAM**

These consolidated ballot title review proceedings brought under ORS 250.085(2) concern the Attorney General's certified ballot title for Initiative Petition 55 (2026) (IP 55). If enacted, IP 55 would change procedures for elections—mostly primary elections. Chief petitioners and others challenge all sections of the Attorney General's certified ballot title, while petitioner Paden challenges the caption.

We review the Attorney General's certified ballot title to determine whether it substantially complies with ORS 250.035. ORS 250.085(5). Having considered petitioners' challenges and the Attorney General's responses to those challenges, we conclude that the certified ballot title substantially complies with the statutory requirements and exercise our discretion to correct what the parties have characterized as a typographical error in the certified summary.

Chief petitioners assert that the third sentence in the summary contains a typographical error that results in an incomprehensible clause. The Attorney General agrees and submits that the issue can be addressed within the word limits with a minor revision to the fifth sentence of the summary. The summary, as drafted by the Attorney General, provides:

> "Amends constitution. Currently, legislature has constitutional authority to set methods by which candidates are nominated for the general election. Major parties nominate candidates to general election through primaries where only registered-party voters may participate; *minor parties and unaffiliated candidates directly for general election*. Measure replaces that system for most partisan offices, including many state, federal (not presidential), and other designated local public offices. *Primary election ballot will list candidates for each office in who participate in primary*. Parties can opt out and nominate candidates to general election at private expense. Voters may vote for candidates regardless of voter's party affiliation or non-affiliation. Top two candidates from each office appear on general election ballot; candidates may accept up to three party endorsements. Other provisions."

(Emphases added.) The Attorney General suggests that the insertion of the word "nominate" between "candidates

directly" would clarify the concern identified by chief petitioners. And he suggests removing the first use of the word "in" from the fifth sentence to accomplish that change. With those changes, the two sentences would read: "Major parties nominate candidates to general election through primaries where only registered-party voters may participate; minor parties and unaffiliated candidates nominate directly for general election. *** Primary election ballot will list candidates for each office who participate in primary."

Although we ordinarily refer a ballot title to the Attorney General for modification, this court has statutory authority to modify a ballot title and certify the modified ballot title to the Secretary of State, and we exercise our discretion to do so here. *See* ORS 250.085(8) (explaining that this court may modify and certify to the Secretary of State or refer to the Attorney General for modification); *Straube/McEvilly v. Myers*, 340 Or 395, 133 P3d 897 (2006) (exercising discretion to correct a typographical error and certify a corrected ballot title to the Secretary of State).

With those corrections, we certify to the Secretary of State the Attorney General's ballot title for IP 55 as modified:

### Amends Constitution: Changes primary election processes for most partisan offices: single primary ballot, top two candidates advance

**Result of "Yes" Vote:** "Yes" vote amends constitution, changes primary election processes for most partisan offices, allows nonaffiliated voter participation; candidates listed on one ballot, top two advance.

**Result of "No" Vote:** "No" vote retains current primary election system, legislature's authority to set nomination methods; retains current procedures for nomination of minor political party and nonaffiliated candidates.

**Summary:** Amends constitution. Currently, legislature has constitutional authority to set methods by which candidates are nominated for the general election. Major parties nominate candidates to general election through primaries where only registered-party voters may participate; minor parties and unaffiliated candidates nominate directly for general election. Measure replaces that system for most

partisan offices, including many state, federal (not presidential), and other designated local public offices. Primary election ballot will list candidates for each office who participate in primary. Parties can opt out and nominate candidates to general election at private expense. Voters may vote for candidates regardless of voter's party affiliation or non-affiliation. Top two candidates from each office appear on general election ballot; candidates may accept up to three party endorsements. Other provisions.

The ballot title is certified as modified.