256 May 7, 2026 No. 24

IN THE SUPREME COURT OF THE
STATE OF OREGON

Kelsey PADEN
and Christy Mason,
*Petitioners on Review,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent on Review.*

John VON SCHLEGELL,
*Petitioner on Review,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent on Review.*

(SC S072770 (Control); S072773)

On petitions to review ballot title filed on March 13, 2026; considered and under advisement on April 16, 2026.

Adam S. Arms, Bennett Hartman, LLP, Portland, filed the petition and reply for petitioners Kelsey Paden and Christy Mason. Also on the reply was Margaret S. Olney.

Aaron Landau, Miller Nash LLP, Portland, and C. Robert Steringer, Dunn Carney LLP, Portland, filed the petition and reply for petitioner John von Schlegell.

Jordan R. Silk, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the memorandum were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

C. Robert Steringer, Dunn Carney LLP, Portland, and Aaron Landau, Miller Nash LLP, Portland, filed the memorandum for *amicus curiae* John von Schlegell in S072770. Also on the memorandum was Sara M. Dueno.

PER CURIAM

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, Bushong, and James, Justices.*

The ballot title is certified as modified.

_____

\* Masih, J., did not participate in the consideration or decision of this case.

## PER CURIAM

These consolidated ballot title review proceedings brought under ORS 250.085(2) concern the Attorney General's certified ballot title for Initiative Petition 59 (2026) (IP 59). If enacted, IP 59 would add a provision to the Oregon Constitution requiring the appointment of counsel to financially eligible criminal defendants who remain unrepresented for more than ten days rather than delaying the trial or dismissing the charges without prejudice. Petitioners Paden and Mason challenge all sections of the Attorney General's certified ballot title, while petitioner von Schlegell challenges the summary.

We review the Attorney General's certified ballot title to determine whether it substantially complies with ORS 250.035. ORS 250.085(5). Having considered petitioners' challenges and the Attorney General's responses to those challenges, we conclude that the certified ballot title substantially complies with the statutory requirements but exercise our discretion to correct one error in the certified summary identified by petitioner von Schlegell, and another error we have identified.

Petitioner von Schlegell asserts that the fourth sentence in the summary contains an error: the phrase "qualifying counsel" should read "a qualified attorney" because the measure in fact refers to "a qualified attorney." The Attorney General agrees and submits that the issue can be addressed within the word limits with a minor revision to the summary. The summary, as drafted by the Attorney General, provides:

> "**Summary:** Under current law, courts must appoint counsel to represent financially eligible criminal defendants; federal law requires incarcerated defendants to have counsel within seven days or be released from custody with appropriate conditions. For defendants not/no longer in custody, counsel must be appointed within 90 days (felony defendants) or 60 days (misdemeanor defendants). If that does not happen the charges must be dismissed without prejudice, meaning the prosecutor may refile.

> "This measure adds a requirement to the Oregon state constitution that courts appoint '*qualifying counsel*' at state expense, to represent financially eligible defendants who

request counsel within ten days *rather delaying* the trial or dismissing the charges. The interaction between existing law and this measure is not clear."

(Emphases added.) The Attorney General suggests that changing "qualifying counsel" to "a qualified attorney" would address the concern identified by petitioner von Schlegell. We also note that the word "than" appears to be missing between "rather delaying." With those changes, the sentence would read: "This measure adds a requirement to the Oregon state constitution that courts appoint 'a qualified attorney' at state expense, to represent financially eligible defendants who request counsel within ten days rather than delaying the trial or dismissing the charges."

Although we ordinarily refer a ballot title to the Attorney General for modification, this court has statutory authority to modify a ballot title and certify the modified ballot title to the Secretary of State, and we exercise our discretion to do so here. *See* ORS 250.085(8) (explaining that this court may modify and certify to the Secretary of State or refer to the Attorney General for modification); *Straube/ McEvilly v. Myers*, 340 Or 395, 133 P3d 897 (2006) (exercising discretion to correct a typographical error and certify a corrected ballot title to the Secretary of State).

With those corrections, we certify the Attorney General's ballot title for IP 59 as modified to the Secretary of State:

### Amends Constitution: Requires appointing counsel for criminal defendants at state expense rather than delaying trial/dismissing charges

**Result of "Yes" Vote:** Requires judges to appoint counsel to financially eligible criminal defendants within ten days rather than delaying trial or dismissing charges; state pays for defense counsel.

**Result of "No" Vote:** Maintains current law. If counsel not appointed within set timelines, incarcerated defendants must be released, and charges may be dismissed with leave to refile.

**Summary:** Under current law, courts must appoint counsel to represent financially eligible criminal

defendants; federal law requires incarcerated defendants to have counsel within seven days or be released from custody with appropriate conditions. For defendants not/no longer in custody, counsel must be appointed within 90 days (felony defendants) or 60 days (misdemeanor defendants). If that does not happen the charges must be dismissed without prejudice, meaning the prosecutor may refile.

This measure adds a requirement to the Oregon state constitution that courts appoint "a qualified attorney" at state expense, to represent financially eligible defendants who request counsel within ten days rather than delaying the trial or dismissing the charges. The interaction between existing law and this measure is not clear.

The ballot title is certified as modified.